UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HON. JOSEPH WAPNER AND MICKEY WAPNER; JAMES LIPPMAN, as trustee of the JAMES AND LINDA LIPPMAN 1998 TRUST; DANIEL DEVOR; JUDITH S. BALL; THOMAS L. HEENEY; DR. JOHN RICHARDS AND CHRIS STEIG RICHARDS; KEITH JANZEN, as trustee of the J. EMERSON CHISHOLM TRUST DTD 7/18/97; and JAMES R. GUY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> HKALLEN LIMITED PARTNERSHIP; HK ALLEN, INC.; HKN ALLEN LLC; HKN MANAGER LLC; HALL KEEN INVESTMENTS LLC; HALL KEEN MANAGEMENT, INC.; HALLKEEN LLC; JOHN L. ALLEN; ANDREW P. BURNES; DAVID A. CARLEN; EQUITY RESOURCE INVESTMENTS, LLC; EQUITY RESOURCE NEWTON FUND LIMITED PARTNERSHIP; EQUITY RESOURCE MILTON FUND LLC; ERF MANAGER LLC; ERF FUND 2011 GP LLC; ERF FUND 2013 GP LLC; and EGGERT DAGBJARTSSON, <br><br> Defendants, <br> and <br><br> HOTEL DANVILLE COMPANY, <br><br> Nominal Defendant. | Civil Case No. 1:16-12077-LTS |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on November 13, 2017, to consider approval of the proposed settlement ("Settlement") set forth in the Agreement of Settlement dated September 11, 2017, and the exhibits thereto (the "Agreement"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support

of or against the Settlement.  Good cause appearing therefore, the Court enters this Order and Final Judgment ("Final Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

Unless otherwise stated herein, all capitalized terms contained in this Final Judgment shall have the same meaning and effect as stated in the Agreement.

This Court has jurisdiction over the subject matter of the action and over the Settling Parties to the Action.

This Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement, including the Incentive Award, is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, Hotel Danville Company, and Current Hotel Danville Holders, and hereby directs the Settling Parties to perform the terms of the Settlement as set forth in the Agreement.

This Court hereby dismisses this action with prejudice and without costs to Defendants.

Upon the Effective Date, each of the Named Plaintiffs (both individually and derivatively on behalf of Hotel Danville Company), Hotel Danville, and each Current Hotel Danville Holder shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Defendant Released Persons.

The Court finds that the Notice of Pendency and Proposed Settlement of Derivative Claims ("Notice") was given in accordance with the Preliminary Approval and Scheduling Order entered on September 13, 2017, and that such Notice was reasonable, constituted the most practicable notice under the circumstances, and complied with the requirements of federal law and due process.

Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Defendant Released Persons for purpose of the Released Claims or for any other purpose; (b) an admission or concession by a Holder Plaintiff or any Current Hotel Danville Holder of any infirmity in the claims asserted in the Complaint; or (c) an admission of, or evidence of, any fault or omission of any of Defendant Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendant Released Persons may file the Agreement and/or this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Settling Parties and the Settling Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Agreement and this Final Judgment.

There is no reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

IT IS SO ORDERED.

DATED: Nov. 13, 2017

_____
HONORABLE LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE